REVERSED AND REMANDED.

---

WARREN A. HOWLAND v. JULIUS C. SHARP, ADMINISTRATOR.

FILED APRIL 21, 1896.    No. 6544.

Replevin: VERDICT FOR DEFENDANT: EVIDENCE. The evidence examined, and *held* insufficient to support the verdict of the jury.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*E. C. Page,* for plaintiff in error.

*Joel W. West, contra.*

HARRISON, J.

This, an action of replevin, was commenced to obtain possession of certain personal property held by John F. Boyd, as sheriff of Douglas county, under the levy of a writ of attachment issued in an action by Herman Deiss against the Western Dry House & Construction Company. The suit in which the attachment was issued was brought July 22, 1890, and the writ was levied on the same day. Judgment was rendered in the last mentioned

cause, of date November 26, 1890, and the property was ordered sold, the proceeds to be applied on the judgment. In the case at bar the plaintiff did not furnish the bond required in replevin actions and the property was not delivered to him, the cause proceeding as one for damages. During the pendency of the suit the sheriff died and it was revived in favor of his administrator, Julius C. Sharp. There was a trial of the issues and a verdict and judgment in favor of the defendant. The plaintiff presents the case here for review by error proceedings.

The argument in the brief filed for plaintiff in error is first directed to the question raised by the assignment of error that the verdict is not sustained by sufficient evidence. The controversy in the cause was over "all brick in and about the brick kilns contained in the brick yard situated on Douglas county poor farm, said brick yards being bounded on the east by the Belt Line railway, on the south by Park street, and on the west by Ryan & Walsh's brick yard, the city of Omaha." A careful consideration and investigation of all the testimony presented in the record convinces us that the view of counsel that the verdict is not supported by the evidence is a correct one. It was shown that one George Hinchliff was, and had been for several months, the owner and in possession of the property in the brick yard, including these bricks in the kilns; that he sold the bricks to one William Redgwick during the month of May, 1890, and about two months prior to the levy of the attachment in favor of Diess; that on October 26, 1890, Redgwick sold the bricks to the plaintiff, neither of them having any knowledge, at the time of the sale, of the existence of the attachment, its issuance, or levy. There was an effort on behalf of the defendant to show that the bricks belonged to the Western Dry House & Construction Company, and it was shown that Hinchliff and Redgwick had at one time been members of, or interested in, the company, but there was no evidence which would sustain the verdict returned by the jury.

There are some other assignments of error in reference to the trial judge giving certain instructions, and also in refusing to give an instruction requested by plaintiff, and a further assignment in regard to the action of the judge in overruling objections to and admitting testimony, but we do not deem it necessary to discuss them now, as a determination of them is not necessary to a decision of the main question in the case, nor would it materially assist in another trial, should there be one. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.